# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DAVID S. HUDDER, D/B/A
DIXIE STATION LLC,
Plaintiff,

v.                                                          Case No. 8:14-cv-01686-T-EAK-EAJ

CITY OF PLANT CITY,
Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on the City of Plant City's ("Plant City") Motion to Dismiss (Doc. 5) and David S. Hudder D/B/A/ Dixie Station LLC's ("Hudder") Response to Plant City's Motion to Dismiss (Doc. 7).

## BACKGROUND

On June 19, 2014, Hudder filed a two-count complaint seeking declaratory and injunctive relief against Plant City. The case was removed to this Court on July 10, 2014. (Doc. 1). Hudder seeks to invalidate a city code restricting tattoo establishments from the downtown core of Plant City based on an allegation that the city code violates the United States' and Florida's constitutions.

## DISCUSSION

1. Plaintiff failed to serve the Attorney General or State Attorney
   When challenging the constitutionality of a municipal code, the plaintiff "must promptly . . . serve the notice and the pleading . . . on the Attorney General or the state attorney of the judicial circuit in which the action is pending." Fla. R. Civ. P. 1.071(b).

> If the statute, charter, ordinance, or franchise is alleged to be unconstitutional, the Attorney General or the state attorney of the judicial circuit in which the action is pending shall be served with a copy of the complaint and be entitled to be heard.

Fla. Stat. 86.091.

This case was filed on June 19, 2014, in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Yet, by Plaintiff's own admission, "as of the date of this filing, Plaintiff has not served the state Attorney General, or the state attorney, with a copy of the complaint." (Doc. 7). Because of the continued failure to serve the Attorney General and/or the State Attorney for the Thirteenth Judicial Circuit in compliance with Fla. Stat. 86.091 and Fla. R. Civ. P. 1.071(b), this complaint must be dismissed.

2. Hudder lacks standing to bring this action.

It is axiomatic "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17. A plaintiff may only assert his own injury in fact and "cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Hudder asserts in the complaint he "has standing to bring this action." But this cursory allegation is not sufficient to show standing to bring this action. According to the complaint, Hudder owns the property at issue, but Dixie Station, LLC ("Dixie Station") is the corporation organized under the laws of the State of Florida that is allegedly being denied a business tax receipt and the opportunity to market tattoo services in Plant City.

Dixie Station is a separate and distinct legal entity with the right to bring a claim on its own behalf and would, therefore, be the real party in interest. *United States v. All Funds in the Account of Prop. Futures*, 820 F. Supp. 2d 1305, 1327 (S.D. Fla. 2010) (holding that a member of an LLC lacks standing to file a claim on behalf of an LLC). Similarly, under Florida law "[a] member of a limited liability company is not a proper party to proceedings by . . . a limited liability company." Fla. Stat. § 608.462. Since Dixie

Station is the real party in interest, Huddard does not having standing to bring this case and it must therefore be dismissed.

3. There is no injury in fact.

The complaint is also defective because it fails to sufficiently allege facts showing that Dixie Station suffered an "injury in fact," giving it standing to bring a claim. *Bennett v. Spear*, 520 U.S. 154, 167 (1997); *Johnson v. Ocwen Loan Servicing*, 374 Fed. Appx. 868, 873 (11th Cir. 2010) (unpublished) (holding that in order to satisfy the Article III case or controversy requirement the plaintiff must have suffered an "injury in fact."). To suffer an injury in fact the plaintiff "must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014).

Since this complaint fails to sufficiently allege a constitutional violation of the rights of Dixie Station, this complaint must therefore be dismissed. Accordingly, it is

**ORDERED** that Plant City's Motion to Dismiss (Doc. 4) is **GRANTED**. Plaintiff will be given twenty-five days from the date of this order to amend its complaint to show that it has complied with the procedural requirements of service on the Attorney General of Florida and/or State Attorney for the Thirteenth Judicial Circuit and to correct the deficiencies set out herein. If the amended complaint is not filed in a timely manner, this cause of action will be dismissed and closed.

**DONE and ORDERED** in Chambers at Tampa, Florida on this 10th day of December, 2014



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.